## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Dawn Randall, | : |
| Plaintiff, | : Civil Action No.: 1:13-cv-03452 |
| v. | : |
| | : |
| Diversified Services Group; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Dawn Randall, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.     The Plaintiff, Dawn Randall ("Plaintiff"), is an adult individual residing in Bensenville, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Diversified Services Group ("Diversified"), is an Arizona business entity with an address of 5800 E. Thomas Road, Suite 107, Scottsdale, Arizona 85251,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $731.00 (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Diversified Engages in Harassment and Abusive Tactics

12.      In March 2013, Defendants contacted Plaintiff's husband, Joshua Randall, at his cellular telephone in an attempt to collect the Debt.

13.      Defendants discussed the Debt with Mr. Randall detail and instructed Mr. Randall to have Plaintiff contact Defendants. The foregoing illegal third party contact and disclosure caused a great deal of embarrassment to Plaintiff.

2

**C.  Plaintiff Suffered Actual Damages**

14.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, <em>et seq.</em>**

16.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

18.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt

19.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

20.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

21.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22.     The Plaintiff is entitled to damages as a result of Defendants' violations.

3

## COUNT II
## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT
## 225 ILCS 425/1, *et seq.*

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

24.     A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

25.     Diversified Services Group, in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

26.     The Defendants' conduct violated 225 ILCS 425/9(a)(17) in that Defendants disclosed or threatened to disclose information relating to the Plaintiff's indebtedness to any other person.

27.     The Defendants' conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

28.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

29.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## INVASION OF PRIVACY - PUBLICATION OF PRIVATE FACTS

30.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     The Defendants  intentionally violated the Plaintiff's privacy by publishing private facts by speaking with several of his or her contacts regarding his personal indebtedness.

32.     The facts concerned the Plaintiff's private life.

33.     The publication was of information which would be highly offensive to a reasonable person.

34.     The matter publicized was not a legitimate concern of the public.

35.     The Plaintiff has been damaged by these actions and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

36.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.     Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages;

2.     Against each of the named the Defendants, awarding the Plaintiff statutory damages;

3.     Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees ;

4.     Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5.     Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 8, 2013

                                        Respectfully submitted,

                                        By  */s/ Sergei Lemberg*

                                        Sergei Lemberg, Esq.
                                        LEMBERG & ASSOCIATES L.L.C.
                                        1100 Summer Street, 3rd Floor
                                        Stamford, CT 06905
                                        Telephone: (203) 653-2250
                                        Facsimile:  (203) 653-3424
                                        Attorney for Plaintiff

6